**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MILTON VERAN WILLIAMS,

Petitioner - Appellant,

v.

MARTY SIRMAN; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents - Appellees.

No. 06-6001
(D.C. No. 04-CV-706-C)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant Milton Veran Williams, a state inmate appearing pro

se, seeks a certificate of appealability ("COA") allowing him to appeal the district

court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  Mr. Williams has failed to make "a substantial showing of the denial of a

constitutional right" as required by 28 U.S.C. § 2253(c)(2), and accordingly, we

deny his request and dismiss the appeal.

**Background**

Following a jury trial, Mr. Williams was convicted and sentenced to: (1) 30

years imprisonment for distribution of a controlled substance; (2) 30 years imprisonment for possession of cocaine with intent to distribute; and (3) 10 years imprisonment for maintaining a place for keeping/selling a controlled dangerous substance. Mr. Williams appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") reversed and remanded with instructions to dismiss the convictions for possession and keeping/selling a controlled dangerous substance. The OCCA upheld Mr. Williams' conviction for distribution. The trial court amended the judgment and sentence accordingly.

Mr. Williams sought post-conviction relief in the state trial court, and that motion was denied. The OCCA affirmed that denial. Mr. Williams next sought habeas relief in federal court, where the district court, in adopting the report and recommendation of the magistrate judge, denied Mr. Williams' § 2254 petition. This appeal followed.

## Discussion

On appeal, Mr. Williams raises four arguments, summarized as follows: (1) the state trial court lacked jurisdiction to impose a sentencing enhancement for a prior felony; (2) he suffered ineffective assistance of trial and appellate counsel on several grounds, including (a) his attorney failed to interview and call certain "eyewitnesses" present on the night of his arrest, (b) his attorney failed to challenge the chain-of-custody of the evidence, and (c) his attorney failed to

request discovery before trial which resulted in the introduction of unsubstantiated evidence; (3) his in-court identification was "unconstitutionally suggestive" and should have been suppressed, and did not originate from an independent source; and (4) the magistrate judge abused its discretion in finding certain other claims were not grounds for federal habeas relief or were waived by virtue of the fact that Mr. Williams raised them for the first time in his reply brief.

In order for this court to grant a COA, Mr. Williams must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the district court has rejected Mr. Williams' constitutional claims on the merits, he must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Where the district court has rejected Mr. Williams' constitutional claims on procedural grounds, he must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

With regards to those claims presented to the Oklahoma state courts (either on direct appeal or on post-conviction appeal) and were denied, the district court could not properly issue a writ of habeas corpus unless it found that the state court adjudication resulted in a decision that "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). It is against these standards that we assess the district court's denial of Mr. Williams' petition.

Having carefully reviewed the magistrate judge's report and recommendation, the district court's conclusion that Mr. Williams' objections were without merit, and his claims on appeal, we conclude that reasonable jurists would not find the resolution of the claims he has presented debatable. As such, we conclude that none of Mr. Williams' claims suffice to make a substantial showing of a denial of a constitutional right.

Accordingly, we DENY a COA, deny IFP and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge